[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #108 AND OBJECTION TO MOTION TO STRIKE (#109)
CT Page 13435
 ORDER
The defendant, GBR Broad and Summer LLC ("GBR") brings this motion to strike against co-defendant, Walter H. Rubin ("Rubin"), in a partition action. GBR and Rubin are tenants-in-common with the plaintiff, LSR Stamford Holdings, L.P. ("Plaintiff"). On March 15, 2000, in its answer to the plaintiff, GBR crossclaimed Rubin and asked the court for a partition by sale. In his response to the crossclaim, Rubin asserted the special defense of bad faith and the counterclaims of (1) interference with property rights; (2) diminished value; and (3) waste. GBR moves to strike Rubin's special defenses and counterclaims contending that bad faith is not a valid defense in a partition cause of action. GBR also argues that the counterclaims fail to state a cause of action due to legally insufficient facts. Rubin responds that this action is a partition by sale, rather than a partition in kind, and therefore, an equitable defense of bad faith is proper. Additionally, Rubin contends he has pled sufficient facts to support his counterclaims. On August 10, 2000, the court, Hickey, J., in a related decision[1] granted the plaintiff's motion to strike Rubin's special defense of bad faith[2] and denied the plaintiff's motion to strike Rubin's counterclaims asserting (1) interference with property rights; (2) diminished value; and (3) waste. Accordingly, this court adopts the prior decision in this matter as the law of the case.
The court, Hickey, J., granted the plaintiff's motion to strike Rubin's special defense of bad faith because it is not recognized as a valid special defense in Connecticut.[3] See Mundaca Investment Corp. v.Shawmut Bank, Superior Court, judicial district of Bridgeport at Fairfield, Docket No. 325525 (July 3, 1996, West, J.) (17 Conn.L.Rptr. 314). Consequently, in this case, GBR's motion to strike Rubin's special defense is granted.
The court, however, denied the plaintiff's motion to strike the counterclaims finding that Rubin pled adequate facts to state a cause of action pursuant to the modern trend of construing pleadings broadly. SeeParsons v. United Technologies Corp., 243 Conn. 66, 83, 700 A.2d 655
(1997). In this case, Rubin alleges that GBR cooperated with the plaintiff in preventing the premises to be leased to new tenants, redeveloped, or marketed for sale. Here, as similarly determined in the prior decision, Rubin has stated with adequate support his claims of interference with property rights, diminished value, and waste. Consequently, GBR's motion to strike Rubin's counterclaims is denied.
In conclusion, this court finds that the law of the case holds in this CT Page 13436 proceeding. As a result, GBR's motion to strike Rubin's special defense is hereby granted, but GBR's motion to strike Rubin's counterclaims is hereby denied.
HICKEY, J.